Michael Yancey III, NV Bar No. 16158
**CONSUMER JUSTICE LAW FIRM PLC**
2300 West Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
Phone: (480) 573-9272
Fax: (480) 613-7733
Email: myancey@consumerjustice.com

**CONSUMER JUSTICE LAW FIRM PLC**

8095 N. 85th Way
Scottsdale, AZ 85258

*Attorney for Plaintiff*
*Kimberly Sims*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KIMBERLY SIMS,<br><br>                 Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, and SYNCHRONY BANK,<br><br>                 Defendants. | **Case No.: 2:25-cv-02254-JCM-MDC**<br><br>**SECOND AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>SUBMITTED IN COMPLIANCE WITH LR 26-1(b) |

Plaintiff Kimberly Sims ("Plaintiff"), and Defendant Trans Union LLC ("Trans Union"), (collectively the "parties"), by and through their counsel of record, hereby submit their Amended Stipulated Discovery Plan and Scheduling Order pursuant to

1

Federal Rule of Civil Procedure 16 and 26, as well as LR 26-1. It is hereby requested that the Court enter the following Discovery Plan and Scheduling Order.

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a video conference was held on **February 12, 2026**.

I.    **Fed. R. Civ. P. 26(f)**

**A. Disclosures Under Rule 26(a):** The parties have agreed to exchange initial disclosures by **February 26, 2026**.

**B. Discovery**

1.    **Subjects on which discovery may be needed:** All claims and defenses in accordance with Rule 26(b)(1).

**Defendant Trans Union:** As discovery has just begun, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff.  Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency.  Trans

Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA.  Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, or any underlying creditor(s).  Therefore, this statement is based on the facts known by Trans Union at this time.  Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**2.     When discovery should be completed:**

The 180-day discovery period would require discovery to be completed by **August 21, 2026**.

**3.     Whether discovery should be phased or limited**:

N/A

**C. Issues about Electronic Stored Information:**

The parties do not anticipate any ESI preservation issues. The production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.  However, should production of discovery in other formats become necessary, the parties will confer on an ESI protocol and the forms in which ESI should be produced as necessary.  The Parties recognize their mutual obligation to preserve ESI that is potentially relevant to the claims and defenses alleged in this action.

3

**D.      Issues about Privileged or Protected Information:**

The Parties do not anticipate any issues regarding claims of privilege or of protection as trial-preparation materials. The Parties anticipate entering into a stipulated protective order to govern confidential materials as needed.

Trans Union believes there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for, and scope and form of, such a protective order, Plaintiff and Trans Union will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

**Discovery Limitations:** The parties agree that each party be limited to serving 50 Requests for Admissions.

**E.  Other Orders Under Rule 26(c) or Rule 16(b) and (c):**

None at the time of filing.

## II.    LR 26-1

### A.  Discovery Cut-Off Date

Discovery will take 180 days, measured from the date the first defendant answered, which was on January 9, 2026. The Discovery Cut-off Date, therefore, will be **July 8, 2026**

### B.  Amending the Pleadings and Adding Parties

Pursuant to LR 26-1(b)(2), the deadline for filing Motions to Amend Pleadings or Motion to Add Parties is **90 days** before the close of discovery; therefore the deadline will be **April 9, 2026.**

### C.  Fed. R. Civ. P. 26(a)(2) Disclosures (experts)

Pursuant to LR 26-1(b)(3), the deadline for Expert Disclosures is **May 11, 2026**, 60 days before the Discovery Cut-Off date and Rebuttal-Expert Disclosures shall be made by **June 10, 2026**, 30 days after the initial disclosure of experts.

### D.  Dispositive Motions

Pursuant to LR 26-1(b)(4), the deadline for filing Dispositive Motions is **August 7, 2026**, 30 days after the Discovery Cut-Off date.

### E.  Pretrial Order

Pursuant to LR 26-1(b)(5), the deadline for the Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures and any objections to them is **September 7, 2026**, 30 days after the deadline for filing Dispositive Motions if no Dispositive Motions are filed.

If Dispositive Motions are filed, the deadline for filing the Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) disclosures and any objections to them will be suspended until 30 days after a decision on the Dispositive Motions is rendered or until further court order.

### F.  Fed. R. Civ. P. 26(a)(3) Disclosures

In accordance with LR 26-1(b)(6), the Disclosures required by Fed. R. Civ. P. 26(a)(3) and any Objections to them must be included in the Joint Pretrial Order.

### G.  Alternative Dispute Resolution

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and applicable, early neutral evaluation, to be scheduled no later than **May 22, 2026.**

### H.  Alternative Forms of Case Disposition

The parties further certify that they considered consent to Trial by a United States Magistrate Judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

The parties do not consent to having this case tried before a magistrate judge of this Court.  The parties do not request appointment of an independent expert or master.

### I.  Electronically stored Information ("ESI") and Electronic Evidence

The parties certify that they have discussed presentation of evidence in electronic format to jurors for the purposes of jury deliberations and have not made a decision at this time. The parties will consult the Court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic

format and other requirements for the Court's electronic jury evidence display system should this matter proceed to trial and at a date closer to trial.

Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case in most instances. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

### J.  Electronic Service of Discovery

The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the exchange of pleadings and other papers, including discovery requests, responses, and ESI, shall be in PDF format, and served via email or a secure file transfer protocol, rather than US Mail.

The parties agree that pursuant to Rules 5(b)(2)(E) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| Party | Email Service Address(es) |
|-------|---------------------------|
| Plaintiff Kimberly Sims | Michael Yancey III (myancey@consumerjustice.com ) Beth K. Findsen (bfindsen@consumerjustice.com) Marie Tirona (mtirona@consumerjustice.com) |
| Defendant Trans Union LLC | Leoncio A. Gil, III (leon.gil@qslwm.com) (swright@qslwm.com)<br><br>Kurt R. Bonds (bondsk@hallevans.com) (nvefile@hallevans.com) (schausm@hallevans.com) (vanausdala@hallevans.com) |

### K. Extension of Discovery Deadline

LR 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. All requests for extensions of the Discovery Deadline will be submitted within twenty-one days of the standing deadline or otherwise comply with the standards required under LR 26-3.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___3-3-26_____

//

8

RESPECTFULLY SUBMITTED this 26th day of February 2026.

*/s/ Michael Yancey III*
Michael Yancey III, NV Bar No. 16158
**CONSUMER JUSTICE LAW FIRM PLC**
2300 West Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
T: (480) 573-9272
F: (480) 613-7733
E: myancey@consumerjustice.com

*Attorney for Plaintiff*
*Kimberly Sims*

*/s/ Leoncio A. Gil, III*
Leoncio A. Gil, III, NV Bar No. 13129
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
5801 Tennyson Pkwy., Suite 440
Plano, Texas 75024
T:(214) 560-5458
F: (214) 871-2111
E:leon.gil@qslwm.com

Kurt R. Bonds, Esq.
**HALL & EVANS, LLC**
bondsk@hallevans.com
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

*Attorneys for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM**

By: */s/ Marie Tirona*
Marie Tirona